■ RENE WANCEWICZ, Respondent, v WILLIAM HICKEY et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 29, 1988 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action on March 23, 1987 alleging

that defendants failed to properly diagnose and treat her physical condition and negligently removed an intrauterine device (hereinafter IUD), thus causing her personal injury. In her bill of particulars plaintiff states that the last date of treatment accorded her by defendants was on September 10, 1984. Defendants moved for summary judgment dismissing plaintiff's action as barred by the Statute of Limitations (CPLR 214-a), contending that the action was commenced more than 2½ years after the alleged negligent acts or omissions occurred. In opposition to the motion, plaintiff contended that her cause of action accrued not on September 10, 1984 when the IUD was removed by defendants but at some later date when the alleged injury occurred, and that discovery is necessary to establish the exact date. Supreme Court denied defendants' motion and this appeal ensued.

Since it is not disputed that plaintiff's cause of action was commenced more than 2½ years after the date of last treatment, it is plaintiff's burden to come forward with evidentiary facts showing that the Statute of Limitations should be tolled (see, Barrella v Richmond Mem. Hosp., 88 AD2d 379). In an attempt to meet this burden, plaintiff cites Lindsey v Robins Co. (60 NY2d 417) as support for her position.

We find plaintiff's reliance on Lindsey (supra) misplaced. In Lindsey the plaintiffs sued the manufacturer of the "Dalkon Shield" whose implantation caused injuries to one of the plaintiffs. Although the Court of Appeals held that the operative date for accrual purposes is the date of the object's malfunction rather than its implantation, Lindsey was a products liability action and not a medical malpractice action. In Goldsmith v Howmedica, Inc. (67 NY2d 120), the Court of Appeals differentiated between the causes of action based on products liability brought against manufacturers of prosthetic devices and malpractice lawsuits against physicians. The court noted that entirely different policy considerations are involved. The court concluded that the malpractice causes of action commence from the time of the act (supra, at 123-124), which in this case was September 10, 1984. Plaintiff's cause of action was thus brought beyond the statutory limit of 2½ years.

Finally, even if we were to accept plaintiff's argument, the record confirms that she was aware of her injuries no later than September 19, 1984 when she was hospitalized. Applying this accrual date, plaintiff's action would still be untimely.

Order reversed, on the law, with costs, motion granted and

complaint dismissed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.